

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 11, 1967

Honorable Clay Cotten
Commissioner of Insurance
State Board of Insurance
Austin, Texas 78701

Opinion No. M-117

Re: Whether under Article
3.50, Section 2, Texas
Insurance Code, the
State Board of Insurance
is authorized to approve
group life insurance
forms containing pro-
visions for reduction
or denial of death claims
in cases where death is
caused by suicide after
the master policy has
been in force for two
years or more.

Dear Mr. Cotten:

You have requested our opinion as to whether you may
approve group life insurance forms which contain provisions
for denying or reducing death claims in cases where death
results from suicide after the master policy has been in
force for two (2) years or longer.

Article 3.50, Section 2, Texas Insurance Code, reads in
part as follows:

". . . nor shall any policy of group life
insurance be delivered in this State unless it
contains in substance the following provisions,
or provisions which in the opinion of the Com-
missioner are more favorable to the persons in-
sured, or at least as favorable to the persons
insured and more favorable to the policyholder. . .

"(2)  A provision that the validity of the
policy shall not be contested, except for non-
payment of premiums, after it has been in force
for two (2) years from its date of issue; and
that no statement made by any person insured

under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two (2) years during such person's lifetime nor unless it is contained in a written instrument signed by him.

"(3) A provision that a copy of the application, if any, of the policyholder shall be attached to the policy when issued, that all statements made by the policyholder or by the persons insured shall be deemed representations and not warranties, and that no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary."

Article 3.50, Section 2(2) contains exactly the same wording as the former Article 4764a, Section 1(1), Vernon's Annotated Civil Statutes (1948), about which a portion of Attorney General Opinion No. 0-5060 was written. That opinion discussed cases construing the similar incontestability requirement of former Article 4732, V.A.C.S. (1948), (currently Article 3.44, Insurance Code.)

The question before us is whether the two year contestability period under Article 3.50, Section 2(2) begins running from the date when the master policy is issued, or from the various dates when individuals become insured under the master policy.

Attorney General Opinion No. 0-5060 holds as follows:

"In our opinion the aviation clause violates the incontestable requirements of Articles 4764a and 4764b, Vernon's Annotated Civil Statutes, insofar as it purports to provide a defense after the expiration of the contestable periods therein set out, and such clause should not be approved by the Board for that reason."

The above mentioned "aviation clause" is similar to the suicide clause now in question, for such clauses purport to reduce or deny benefits in case of death from the specified

causes after the two (2) year period specified in Article 3.50, Section 2(2). The above Opinion No. O-5060, together with Article 3.50, Section 2, in effect dictates that the suicide clause should not be approved by the Board if such clause purports to be effective after the contestability period.

The first part of Article 3.50, Section 2(2) specifies that a policy must contain "a provision that the validity of the policy shall not be contested, except for non-payment of premiums, after it has been in force for two years from the date of its issue; . . ." (emphasis added). The word "policy" can only mean the master policy, for an individual covered by group insurance is issued a certificate rather than a policy. However, the remaining portion of Article 3.50, Section 2(2) provides as follows:

> ". . . and that no statement made by any person insured under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two (2) years during such person's lifetime nor unless it is contained in a written instrument signed by him." (emphasis added).

The above language refers to the period of time for which the individual has been insured, and is in conflict with the first quoted portion of Article 3.50, Section 2(2). The first portion, if interpreted and applied literally, will render the second portion inoperative, for the time at which the individual becomes insured will then be irrelevant. In resolving the conflict we must consider public policy and the reasons for which the statute was passed. See Newsom v. State, 372 S.W.2d 681, 682-683 (Tex. Crim. 1963); 53 Tex. Jur. 2d 229-234, Statutes, Sections 160 and 161.

Article 3.52, Section 2(c) and Section 4(a), Texas Insurance Code, illustrate application of the rule to individual policies that was intended to be applied to group policies under Article 3.50, Section 2(2). That rule allows contestability through suicide clauses for a period of two years after the individual becomes insured. The same rule is applied by Article 22.13, Section 1(2) and Section 5, Texas Insurance Code.

Article 3.50, Section 2(3) and the latter portion of Article 3.50, Section 2(2), supra, both show that the Legislature contemplated a contestability period based on the date of the individual's insurance rather than the date of the master policy. It is our opinion that the contestability period consists of the two years following the date when the individual becomes insured under the master policy.

## S U M M A R Y

The insurance issued to an individual under a group policy does not become incontestable under Article 3.50, Section 2, Texas Insurance Code until two years from the date when that individual becomes insured under the master policy.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fielding Early
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

A. J. Carubbi, Jr., Chairman
Staff Legal Assistant
W. O. Shultz, Co-Chairman
John Reeves
Tom Mack
Robert Flowers
Tom Thurmund